**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Paul Bastian, OSB No. 062706**
paul@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
     Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PENDLETON DIVISION

| | |
|---|---|
| REBECCA SEELYE, | Case No.    2:24-cv-1139 |
| Plaintiff, | **COMPLAINT** |
| v. | UNLAWFUL EMPLOYMENT ACTION |
| COMMUNITY COUNSELING SOLUTIONS, | Title I ADA Discrimination, Retaliation, FMLA, and supplemental state law claims |
| Defendants. | **JURY TRIAL DEMANDED** |

## I. PRELIMINARY STATEMENT

1.    Plaintiff brings this action to remedy violations of Plaintiff's statutory rights under Title I of the A.D.A., 42 U.S.C. § 12112, the Family Medical Leave Act, as well as supplementary state claims. Plaintiff seeks damages, equitable relief as well as attorneys' fees and costs.

PAGE 1 – COMPLAINT

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3. Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

4. On July 17, 2023, Plaintiff, through counsel, filed a notice of claim with Defendant.

5. All preconditions to jurisdiction pursuant to 42 U.S.C. § 2000e-5 have been satisfied.

   a. On July 19, 2023, Plaintiff filed a charge of employment discrimination and retaliation with the Oregon Bureau of Labor and Industries Civil Rights Division (BOLI CRD), case number DPEMD2307-70832, for violation of Title I of the Americans With Disabilities Act and Oregon Unlawful Employment Practice.

   b. BOLI CRD co-filed a charge with the Equal Employment Opportunity Commission (EEOC), number #38D-2023-00769.

   c. A second charge was filed with the EEOC directly by Plaintiff with the EEOC, Charge 551-202304253, duplicating Chage 38D-2023-00769. The EEOC deleted charge 551-202304253 as a duplicate charge.

   d. On May 3, 2024, BOLI issued Plaintiff a right-to-sue letter for case number DPEMD2307-70832 without interviewing Plaintiff or conducting any investigation.

   e. On June 18, 2024, the EEOC issued Plaintiff a right-to-sue letter for charge number 38D-2023-00769.

PAGE 2 – COMPLAINT

6.  The venue is in the District of Oregon under 28 U.S.C. § 1391(b) because the claim arose in this Judicial District.

## III. PARTIES

7.  Plaintiff Rebecca Seelye (Plaintiff) is a citizen of the United States. At all times material, Plaintiff worked for Defendant in Morrow County, Oregon.

8.  Defendant Community Counseling Solutions (Defendant) is a Domestic Nonprofit Corporation registered in Oregon. Defendant does regular and sustained business in Oregon, including Umatilla County, Oregon. Defendant's principal office is in Morrow County, Oregon.

9.  At all times relevant, Defendant's employees and supervisors, as their conduct is alleged herein, were acting within the course and scope of their employment with Defendant.

## IV. GENERAL FACTUAL ALLEGATIONS

10. At all times material herein, Plaintiff was and is a resident of Irrigon, Morrow County, Oregon.

11. Plaintiff has multiple disabilities that substantially impair one or more major life activities. Since approximately 2005, Plaintiff has had a chronic physical impairment to her back, which substantially impairs one or more of her major life activities. She sustained a back injury while working as a correctional officer for the State of Oregon. Her back injury impaired her ability to work in the corrections field. Since approximately 2012, Plaintiff has had diabetes, hypoglycemia, low potassium, iron deficiency, and suffered from "dumping syndrome." These conditions are chronic or permanent and substantially impair her major life activities.

13. Defendant has administrative offices in Heppner in Morrow County, Oregon. Defendant has approximately 300 employees in Oregon. Defendant has multiple secure treatment hospitals or centers located in Heppner, John Day, and Hermiston. Defendant has brick-and-mortar counseling offices throughout eastern Oregon and at other Oregon locations, with mental health providers assigned to those locations. Both support staff and mental health providers also work remotely.

PAGE 3 – COMPLAINT

12. When Plaintiff applied for a position with Defendant, she listed on her pre-employment application that she has a disability. During the pre-hire interview, she also told Defendant that she has a disability.

13. On December 1, 2020, Plaintiff was hired by Defendant as a part-time Office Specialist. Defendant assigned Plaintiff to work in the Boardman office in Morrow County, close to Plaintiff's residence, as a training assignment.

14. After approximately one month, Defendant reassigned Plaintiff to work in its Arlington office in Gilliam County. When Defendant assigned Plaintiff to the Arlington office, that office was not primarily a bricks-and-mortar operation. Throughout Plaintiff's employment, the Arlington office was open only one day per week. All other counseling services were performed remotely.

15. Defendant's Arlington office was also never fully staffed when Plaintiff worked for Defendant. Plaintiff was the only Office Specialist working at the Arlington Office and Plaintiff worked only part-time.

16. Plaintiff successfully supported multiple therapists and school counselors, many of whom worked remotely to that office. Malia Mattingly, a behavior technician that Ms. Seelye supported, moved to Huntington Beach, California, while Plaintiff supported her. Ms. Mattingly then worked remotely and saw all of her counseling clients through the Zoom application and did not see any brick-and-mortar clients.

17. Defendant knew that Plaintiff had qualified as disabled under Social Security Disability due to her multiple disabilities. On November 24, 2021, the Social Security Administration sent a questionnaire to the Defendant inquiring Plaintiff's work activities. Defendant made a report to the Social Security Administration about Plaintiff's work activities.

18. In 2022, Defendant had a change in its leadership. Defendant Community Counseling Solutions selected Kimberly Lindsay as the new Executive Director.

PAGE 4 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

19. In February 2022, the symptoms of Plaintiff's disabilities worsened. Plaintiff became hypoglycemic and fell ill. Plaintiff subsequently took medical leave for her own serious health condition. On the instructions of her medical provider, Plaintiff was taken off work for approximately six weeks.

20. In Spring 2022, when Plaintiff was released to return to work, Plaintiff requested the accommodation of returning to work remotely and not reporting to the Arlington office. Plaintiff's direct supervisor, Cindy Fuentes, Front Desk Supervisor, approved Plaintiff's accommodation request.

21. On May 10, 2022, Plaintiff's healthcare provider prepared a letter to Defendant. They wrote, "Rebecca Seelye should not drive and must work from home due to her health condition." On May 10, 2022, Plaintiff provided her provider's May 10, 2022, letter to Cindy Fuentes. Fuentes told Plaintiff that she would forward the letter to Christine Gray, Defendant's Human Resource Manager.

22. On May 11, 2022, Rick Worden, Defendant's Chief Financial Officer, and Ms. Fuentes gave Plaintiff written approval to work remotely from home. Cindy Fuentes texted Plaintiff regarding her approved working-from-home accommodation. Ms. Fuentes texted that she was verifying with Ms. Gray if Plaintiff could work from home. Fuentes wrote that Hanna Rinehart had told her it would be up to her, Ms. Fuentes, whether Plaintiff could work from home.

23. Ms. Fuentes asked Plaintiff to pick up a company laptop computer from the Arlington office to work from home. Defendant approved Plaintiff to bring home a company printer/scanner/copier combination, as well as supporting office supplies that Plaintiff's son picked up from her.

24. On May 13, 2022, Ms. Fuentes gave written approval for Plaintiff to work from home because Plaintiff's healthcare provider had restricted Plaintiff from driving.

PAGE 5 – COMPLAINT

25.     On July 11, 2022, Ms. Fuentes conducted an annual performance evaluation of Plaintiff while Ms. Plaintiff was working from home. Fuentes July 2022, performance review of Plaintiff was positive. Plaintiff continued to work remotely from home for more than a year without a complaint or discouraging comment from Defendant.

26.     In 2023, Plaintiff sought additional medical leave because of worsening Diabetes and hypoglycemia symptoms. On March 7, 2023, Plaintiff's physician wrote, "Please excuse the above patient from school/work from 3/7/23 to 5/1/23. She has had significant episodes of hypoglycemia, which has contributed to weakness, confusion, and fatigue, making it difficult for her to perform her work duties. I would recommend the above time off while we are working on diagnosing and treating the cause of her low blood sugars." Plaintiff provided her doctor's letter to Defendant.

27.     On March 27, 2023, while Plaintiff was off work on medical leave, Ms. Gray, Respondent's Human Resources Director, called Plaintiff. Ms. Gray said she had determined that Plaintiff was ineligible for either FMLA or OFLA for the leave she took from February 21 through May 1, 2023, due to insufficient hours worked. Ms. Gray told Ms. Seelye she should either agree to go on long-term disability or consent to medical separation of her employment with Defendant. Plaintiff asked Ms. Gray if there were no other avenues to protect her while she was off work because of her disabling condition. Ms. Gray responded, "No."

28.     On March 29, 2023, Plaintiff called Ms. Gray to continue their March 27, 2023, discussion of medical leave. Plaintiff asked Ms. Gray if her request for medical leave would be covered as an accommodation under the Americans with Disabilities Act since she is an employee with a disability. Ms. Gray told Plaintiff that she would need to research whether Plaintiff's leave would be covered as a disability accommodation. Ms. Gray said that she would get back to Plaintiff. Ms. Gray also told Plaintiff that Plaintiff needed to contact Plaintiff's doctor before answering her question. Ms. Gray told Plaintiff that Ms. Gray would send Plaintiff a

PAGE 6 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

release of medical information via email to be signed. Ms. Gray said she would contact Plaintiff by April 5, 2023.

29.     On March 30, 2023, Plaintiff submitted a letter to Kimberly Lindsay, Defendant's Executive Director, raising concerns about what Ms. Gray told her on March 29, 2023.

30.     Defendant did not have an in-person interactive meeting with Plaintiff to discuss her request for accommodations. On April 21, 2023, Ms. Gray emailed Rick Worden and Plaintiff, writing that she wanted to schedule a Zoom meeting for the following week.

31.     On April 26, 2023, Plaintiff attended a Zoom meeting with the Chief Financial Officer, Mr. Worden, and Ms. Gray. Ms. Gray told Plaintiff that Defendant considered Ms. Seelye's medical leave "covered leave." Plaintiff asked Ms. Gray whether Defendant covered her leave through the Americans with Disabilities Act. Ms. Gray did not respond to Plaintiff's question. Instead, Ms. Gray said that Defendant would allow Ms. Seelye to return to work under the accommodations requested by her doctor. Ms. Gray said, "You can return to the office as of May 1, 2023." Plaintiff asked Ms. Gray if she meant to return to work in the Arlington office or continue working remotely from home. Ms. Gray responded that she was "unaware" that Plaintiff worked from home, even though Plaintiff had been working remotely for about a year with the approval of her direct supervisor and the Chief Financial Officer. Ms. Gray said she would need to review the issue of working from home. Plaintiff told Ms. Gray that the clinician she supported, Malia Mattingly, had also been hired to work in the Arlington office, that Ms. Mattingly, is not disabled, and had been allowed to move to Huntington Beach, California, and worked remotely. Ms. Gray said she would "have to see" if Plaintiff could be approved to continue to work from home. Ms. Gray ended the meeting by saying she would contact Plaintiff on April 28, 2023, to let her know whether she could "continue working from home or not return to work."

PAGE 7 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

32.     On April 27, 2023, Plaintiff's healthcare provider wrote a document, "Addendum to work accommodations." The healthcare provider recommended that Plaintiff avoid driving and continue to work from home.

33.     At noon on April 28, 2023, Ms. Gray called Plaintiff. During the call, Plaintiff reiterated that Plaintiff was released to return to work on May 1, 2023. Plaintiff discussed the April 27, 2023, addendum from her healthcare provider recommending continued work from home. Plaintiff asked Gray whether she could continue working from home. Ms. Gray told Plaintiff that Defendant had decided not to return Plaintiff to work because she was not working in the office. Ms. Gray said she needed more information from Plaintiff's doctor before Ms. Gray would discuss Plaintiff's request for accommodations and a return-to-work date. Plaintiff offered to sign a release of medical information so that Ms. Gray could obtain her medical records and talk directly to her doctors about her disabilities and need for accommodations. Ms. Gray replied that she did not believe employers were required to obtain employee releases before making decisions. Plaintiff reiterated that she wanted to return to work with accommodations and agreed to sign a release to allow Ms. Gray to speak to her physicians and obtain copies of her medical records. Ms. Gray told Plaintiff that Ms. Gray did not now need a signed release. Ms. Gray said she would contact Plaintiff once she had more information on the next steps.

34.     Defendant rescinded the accommodation of allowing Plaintiff to work from home and would not allow her to return from the medical leave she took as a disability accommodation.

35.     On May 1, 2023, Plaintiff's medical leave ended, but Respondent would not allow her to return to work. On May 4, 2023, Plaintiff received a letter from Ms. Gray by email and first-class mail. Ms. Gray wrote that, as of that time, she was not allowing Plaintiff to return to work because of the accommodations requested by her physician to allow her to work at home due to her inability to drive or operate heavy machinery. Ms. Gray wrote that Plaintiff's inability to drive was not a "restriction" and was not Defendant's responsibility for how Plaintiff got back

PAGE 8 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

and forth to work and that it was up to Plaintiff to arrange transportation. Ms. Gray wrote that the review of Plaintiff's request for accommodations would continue, and she would contact Plaintiff again about the next steps.

36.    As of May 9, 2023, Defendant had still not returned Plaintiff to work. Plaintiff contacted her supervisor, Ms. Fuentes, and asked her to return her to work. Plaintiff reminded Ms. Fuentes that Plaintiff had been working from home for almost a year before she went on medical leave. Plaintiff requested that Ms. Fuentes return her to work under the same conditions as before she took medical leave. Ms. Fuentes told Plaintiff that Human Resources would need to decide about returning Plaintiff to work. However, Ms. Fuentes told Plaintiff that because Plaintiff was an excellent employee, Ms. Fuentes would contact Human Resources and request that Plaintiff continue to receive the accommodation of working from home.

37.    While Plaintiff waited for her employer to return her to work, Defendant was not paying Plaintiff. Defendant never had an interactive process meeting with her. Defendant never suggested any other accommodations for Plaintiff.

38.    On May 26, 2023, Plaintiff received a telephone call from Ms. Gray. Ms. Fuentes was on the line as a witness. During that call, Ms. Gray informed Plaintiff that she was officially terminated from employment with Community Counseling Solutions. Ms. Gray said she was terminating Plaintiff's employment because Plaintiff could not perform the essential duties of her position. Plaintiff asked for clarification about which essential duties Ms. Gray could not perform. Ms. Gray replied that it was "not feasible" for Plaintiff to work from home even though Ms. Seelye had previously been approved for remote working. Ms. Gray then read a termination letter to Plaintiff over the telephone and instructed Plaintiff to return all company property.

39.    As of May 26, 2023, the Defendant had a history of accommodating Plaintiff by allowing her to work at home for almost a full year. Defendant did not tell Plaintiff why it had changed its mind and withdrew the accommodations. Defendant did not claim that the accommodations were not working.

PAGE 9 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

40. Following the March 26, 2023, call from Gray terminating her employment, Plaintiff received a May 25, 2023, letter terminating her employment.

## FIRST CLAIM FOR RELIEF

(Title I of the Americans with Disabilities Act - Discrimination)

41. Plaintiff realleges all relevant paragraphs.

42. At all times material, Defendant was an employer for, and subject to, the Americans with Disabilities Act (A.D.A.).

43. Plaintiff has an impairment which substantially limits one or more major life activities, has a history and/or record of such impairment, and/or was regarded by Defendant as having such impairment.

44. After Plaintiff disclosed Plaintiff's disability to Defendant, Defendant began to discriminate against Plaintiff as alleged above. Said discrimination was based on Defendant's failure to reasonably accommodate Plaintiff, disparate treatment, retaliation, and a hostile work environment.

45. Defendant failed to engage in the interactive process with Plaintiff.

46. Plaintiff requested reasonable accommodations from Defendant.

47. At all relevant times, Plaintiff was able to perform the essential functions of Plaintiff's position, with or without reasonable accommodation.

48. Defendant conduct violated 42 U.S.C. § 12112.

49. As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

50. Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

51. Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, lost earning capacity, and other compensatory damages for past and future

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

52. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

53. The court should enter an order declaring that Defendant violated the A.D.A.

54. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

55. Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to an award of attorney's fees, expert witness fees, and costs incurred herein.

56. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## SECOND CLAIM FOR RELIEF

### (Title I of the Americans with Disabilities Act - Retaliation)

57. Plaintiff realleges all relevant paragraphs.

58. Defendant retaliated against Plaintiff for pursuing Plaintiff's rights in accordance with the A.D.A. Such actions by Defendant are in violation of the Americans with Disabilities Act.

59. As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

60. Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

61. Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, lost earning capacity, and other compensatory damages for past and future

PAGE 11 – COMPLAINT

pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

62. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

63. The court should enter an order declaring that Defendant violated the A.D.A.

64. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

65. Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to an award of attorney's fees, expert witness fees, and costs incurred herein.

66. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## THIRD CLAIM FOR RELIEF

(O.R.S. 659A.103 et seq. - Oregon Rehabilitation Act)

67. Plaintiff realleges all relevant paragraphs.

68. Plaintiff is a 'disabled person' as defined at O.R.S. 659A.104(1).

69. Defendant is an 'employer' as defined at O.R.S. 659A.106.

70. After Plaintiff disclosed Plaintiff's disability to Defendant, Defendant began to discriminate against Plaintiff as alleged above. Said discrimination was based on Defendant's failure to reasonably accommodate Plaintiff, disparate treatment, retaliation, and a hostile work environment.

71. Defendant failed to engage in the interactive process with Plaintiff.

72. Plaintiff could perform the essential functions of Plaintiff's job with Defendant with or without the reasonable accommodations of allowing Plaintiff to continue to work.

PAGE 12 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

73. Defendant's refusal to provide reasonable accommodations for Plaintiff's known disability constitutes discrimination against Plaintiff due to Plaintiff's disability pursuant to O.R.S. 659A.103 et seq.

74. As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

75. Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

76. Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

77. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

78. The court should enter an order declaring that Defendant violated the Oregon Rehabilitation Act.

79. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

80. Pursuant to O.R.S. Chapter 659A and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorney fees and costs, including expert witness fees.

81. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

### FOURTH CLAIM FOR RELIEF

(Family and Medical Leave Act of 1993 - 29 U.S.C. § 2601 et seq.)

PAGE 13 – COMPLAINT

Law Offices of Daniel Snyder
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

82. Plaintiff realleges all relevant paragraphs.

83. Defendant is an 'employer' within the meaning of 29 U.S.C. § 2611(4).

84. Defendant employed at least 50 employees for each working day during each of 20 or more calendar work weeks in 2021, 2022, and 2023.

85. At all times material, Plaintiff was an 'eligible employee' within the meaning of 29 U.S.C. § 2611(2).

86. At all times in 2022 and 2023, Defendant employed 50 or more employees within 75 miles of the worksite where Plaintiff performed work for Defendant.

87. Plaintiff was employed by Defendant for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave.

88. Plaintiff was employed by Defendant for more than 12 months prior to commencing leave.

89. At all times material, Plaintiff was an 'eligible employee' within the meaning of 29 U.S.C. § 2611(2).

90. Plaintiff took medical leave protected by the Family Medical Leave Act (FMLA).

91. At all material times, Plaintiff suffered from a serious health condition, as defined by 29 U.S.C. § 2611(11).

92. Defendant interfered, discriminated, and retaliated against Plaintiff for engaging in the protected activity of taking leave under FMLA.

93. Defendant interfered, discriminated, and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating Plaintiff and refusing to reinstate Plaintiff to employment.

94. As a direct and proximate result of Defendant's interference, discrimination, and retaliation, Plaintiff has suffered lost income and will continue to suffer past and future wages, past and future benefits, and other expenses, all to Plaintiff's economic damages in an amount to be determined at trial.

PAGE 14 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

95.     The court should enter an order declaring that Defendant violated the FMLA.

96.     To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

97.     Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A).

98.     Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to an award of attorney's fees, expert fees, and costs incurred herein.

99.     Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## FIFTH CLAIM FOR RELIEF

(Oregon Family Leave Act - O.R.S. 659A.150 et. seq.)

100.    Plaintiff realleges all relevant paragraphs.

101.    Plaintiff took medical leave protected by the Oregon Family Leave Act (OFLA).

102.    Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the years 2022 and 2023.

103.    Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the years 2022 and 2023.

104.    Immediately prior to commencing leave in 2022, Plaintiff worked for Defendant for more than 180 days.

105.    Immediately prior to commencing leave in 2023, Plaintiff worked for Defendant for more than 180 days.

106.    At all material times, Plaintiff had a serious health condition as that term is defined in O.R.S. 659A.150(6).

PAGE 15 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

107. Defendant interfered, discriminated, and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating Plaintiff's employment.

108. As a result of Defendant's interference, discrimination, and retaliation against Plaintiff, Plaintiff suffered and continued to suffer economic losses, emotional distress, and other nonpecuniary losses.

109. As a result of Defendant's discrimination and retaliation against Plaintiff, Plaintiff is entitled to equitable relief.

110. Pursuant to 659A.885, Plaintiff is entitled to recover back pay.

111. The court should enter an order declaring that Defendant violated the OFLA.

112. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

113. Pursuant to O.R.S. 659A.885(1) and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorney fees and costs, including expert witness fees.

114. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## SEVENTH CLAIM FOR RELIEF

(Wrongful Termination)

115. Plaintiff realleges all relevant paragraphs.

116. Defendant's conduct, as alleged, was in retaliation for Plaintiff assertion of Plaintiff's state and federally protected rights to work in an environment free from discrimination, harassment, and otherwise hostile work environments, and as such constitutes a wrongful discharge under state common law.

117. Plaintiff's remedies under state and federal statutory law do not constitute a complete remedy for the damage Defendant has inflicted.

PAGE 16 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

118. As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

119. Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

120. Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

121. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

122. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

123. Pursuant to ORS 20.107, Plaintiff is entitled to an award of attorney fees and expert witness fees.

124. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**PRAYER FOR RELIEF**

Plaintiff prays for the following judgment against Defendant:

1. A sum which will fully compensate Plaintiff for Plaintiff's non-economic damages in a sum that is just as determined by a jury;

2. A sum which will fully compensate Plaintiff for Plaintiff's economic damages in a sum that is just as determined by a jury;

3. Equitable relief, including but not limited to reinstatement if Plaintiff so chooses;

PAGE 17 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

4. Liquidated damages;

5. Plaintiff's costs and disbursements incurred herein;

6. Plaintiff's attorney fees; and

7. For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: July 12, 2024

                                          **Law Offices of Daniel Snyder**

                                          */s/ Daniel Snyder*
                                          Daniel Snyder, OSB No. 783856
                                          dansnyder@lawofficeofdanielsnyder.com
                                          Paul Bastian, OSB No. 062706
                                          paul@lawofficeofdanielsnyder.com
                                          1000 S.W. Broadway, Suite 2400
                                          Portland, Oregon 97205
                                          Telephone: (503) 241-3617
                                          Facsimile: (503) 241-2249
                                                      Attorneys for Plaintiff

PAGE 18 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249